UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BRAVADO INTERNATIONAL GROUP MERCHANDISING SERVICES, INC. <br><br> Plaintiff, <br><br> vs. <br><br> JOHN DOES 1-100, individuals, JANE DOES 1-100, individuals, and XYZ COMPANY, business entity form unknown, inclusive, <br><br> Defendants. | CIVIL ACTION NO.1:14-cv-12560 |

# COMPLAINT FOR TRADEMARK INFRINGMENT AND VIOLATIONS OF THE LANHAM ACT

Plaintiff Bravado International Group Merchandising Services, Inc., files this complaint against defendants, alleging as follows:

## JURISDICTION AND VENUE

1.	This action arises under the Lanham Trademark Act 15 U.S.C. §§ 1051 et seq. (the "Lanham Act"). Accordingly, this Court has federal question jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1221 and 28 U.S.C. §§ 1338(a), (b).  Venue in this district is proper under 28 U.S.C. § 1391(b).

## PARTIES

2.	Bravado International Group Merchandising Services, Inc. ("Plaintiff") is a California corporation with its principal place of business in Los Angeles, California.

3.	Defendants John Does 1-100, Jane Does 1-100 and XYZ Company who are sued herein under fictitious names because their true names and capacities are

unknown at this time. This complaint will be amended when their true names and capacities are ascertained.

4. Upon information and belief, the defendants will be present in and about the District of Massachusetts in connection with the claims asserted below and are or will be subject to the jurisdiction of this Court.

5. Defendants, and each of them, are individuals and business entities who, upon information and belief, are acting in concert and active participation with each other in committing the wrongful acts alleged herein. Defendants John Does 1-100, Jane Does 1-100, and XYZ Company are hereinafter referred to collectively as "Defendants."

## THE BACKGROUND OF THE ACTION

6. Plaintiff is engaged in the manufacture, distribution and sale of various types of merchandise sold and distributed at concerts and at retail stores of musical performers, including tour and program books, T-shirts, jerseys, sweatshirts, hats, buttons and posters (collectively "Merchandise") which embody the trademarks, service marks, likenesses, logos and other indicia of various musical performers.

7. **"BILLY JOEL"** (the "Artist ") is the trademark used by this artist in connection with the Artist's performing, recording, merchandising and other related goods in all aspects of the entertainment industry and to distinguish the Artist's services from all other such artists... The Artist has used his trademarks in connection with his recording and performing services for nearly 40 years. The Artist's **"BILLY JOEL"** trademark is federally registered: is a federally registered trademark: Federal Registration No. 1262987 for use in connection with International Class ("IC") 025, T Shirts and IC 016 paper products; Registration No 4439111 for use in connection with IC 009, audio

and video recordings etc.; Registration No. 1233992 for use in connection with IC 041, entertainment services; Registration No. 4439112 for use in connection with IC 041, websites related; Registration No. 1376992 for use in connection with IC 009 records, etc.; and Registration No. 4435413 IC 035, online retail.  Many of these marks are incontestable.

8. Pursuant to an agreement between the Artist and Plaintiff (the "Agreement"), Plaintiff possesses the exclusive right to utilize all federally registered trademarks, servicemarks, likenesses, logos, and other indicia of the Artist (collectively, the "Artist's Trademarks") on and in connection with Merchandise ("Tour Merchandise") sold and offered for sale in the vicinity of the Artist's concerts on the Artist's present North American concert tour (the "Tour").

9. The Artist has a decidedly strong and loyal following among those who attend popular music concerts and record buyers. The Artist has appeared in concerts at major arenas and stadiums in the United States, Canada, and throughout the world and the Artist has been seen and heard in concert by millions of popular music enthusiasts. The Artist has sold over 150 million units of recordings, making him one of the best-selling artists in popular music.

10. As a result of the foregoing, the Artist's Trademarks have developed and now possess secondary and distinctive meaning to purchasers of Tour Merchandise bearing any or all of the Artist's Trademarks.  Plaintiff and the Artist annually realize substantial income from sale of the Tour Merchandise bearing the Artist's Trademarks, and hundreds of thousands of such items have been sold throughout the United States.

11. On June 26, 2014, at Fenway Park in Boston, Massachusetts, the Artist will perform (the "Concert").

12. Pursuant to the Agreement, Plaintiff will sell and distribute clothing and other Tour Merchandise bearing any or all of the Artist's Trademarks at or near the site of the Concert and at all other arenas and stadiums in which the Tour will perform. The authorized Tour Merchandise bearing any or all of the Artist's Trademarks will be distributed throughout the United States in connection with the Tour.

## DEFENDANTS' UNLAWFUL CONDUCT

13. On information and belief, Defendants will sell and distribute unauthorized T-shirts, jerseys, caps and/or other merchandise bearing any or all of the Artist's Trademarks (the "Unauthorized Merchandise") in the vicinity of the Concert before, during and after that performance, and at subsequent concerts during the Tour, just as they have done on prior tours by the Artist, from the beginning of the tour.

14. The Unauthorized Merchandise is of the same general appearance as Plaintiff's Merchandise and is likely to cause confusion among prospective purchasers. Defendants' Unauthorized Merchandise is not authorized by the Artist or Plaintiff.

15. The Unauthorized Merchandise sold and to be sold by Defendants is generally of inferior quality. The sale of such merchandise has injured and is likely to injure the Plaintiff's reputation for high quality goods.

16. The aforesaid acts by Defendants and others are likely to cause the purchasing public to believe that the sale of such Unauthorized Merchandise is authorized, sponsored or approved by the Artist and/or Plaintiff and that such Unauthorized Merchandise is subject to the same quality control and regulation required

by the Artist and/or Plaintiff, despite the fact that this is not true.  It also injures the Artist and Plaintiff in that Defendants do not have to pay any royalty for these unlawful sales.

17.     The aforesaid manufacture, distribution and sale of Unauthorized Merchandise bearing the trademarks, servicemarks, likenesses, logos and other indicia of the Artist constitutes a false designation of the source of origin of such goods and falsely describes and represents such merchandise.  The use by Defendants and others of the Artist's Trademark also constitutes an attempt to palm off and appropriate to themselves the Artist's and Plaintiff's exclusive rights therein.

18.     Upon information and belief, Defendants and others have and will continue to engage in such unauthorized activities in this state and elsewhere in interstate commerce and are likely to continue such activities throughout the Tour, to the great injury of Plaintiff and the Artist.

19.     Plaintiff has no adequate remedy at law and will suffer irreparable harm and damage as a result of the aforesaid acts, in an amount presently incalculable.

**FIRST CLAIM FOR RELIEF**
**(Infringement of Registered Trademark)**

20.     Plaintiff realleges each allegation set forth in the paragraphs above.

21.     By reason of the foregoing, Plaintiff hereby asserts a claim against Defendants for injunctive and monetary relief pursuant to 15 U.S.C. § 1114(b) with respect to Defendants' infringement of the registered mark.

**SECOND CLAIM FOR RELIEF**
**(Violation of the Lanham Act)**

22.     Plaintiff realleges each allegation set forth in the paragraphs above.

23. By reason of the foregoing, Plaintiff hereby asserts a claim against Defendants for injunctive and monetary relief pursuant to Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), with regards to the false designation of origin and false descriptions and representations in commerce of Defendants' Unauthorized Merchandise.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff seeks relief against Defendants as follows:

A.  As to All Claims For Relief, that Defendants, their agents, servants, employees, officers, attorneys, successors and assigns, and all persons acting in concert with them, be enjoined in this and all other judicial districts in the United States, preliminarily during the course of this litigation and permanently from: 1) manufacturing, distributing, selling, offering for sale, holding for sale or advertising any products, merchandise or goods bearing the name, trademark, or likeness of the Artist or any colorable variation or imitation thereof; and 2) representing that any products, merchandise or goods manufactured, distributed, sold, held for sale or advertised by them is sponsored or authorized by Plaintiff in this district or in any other district in which Plaintiff seeks to enforce this Court's injunction order.

B.  As to All Claims For Relief, that this Court order the United States Marshal, the local and state police or sheriff, off duty officers of the same, authorized agents of Plaintiff, and/or any persons acting under their supervision to seize and impound any and all Unauthorized Merchandise which the Defendants attempt to sell, distribute or hold for sale at, within or in the vicinity of the arenas at which the Artist is performing, whether this occurs before, during or after the concerts on the Tour.

C.  That Defendants deliver up for destruction all Unauthorized Merchandise.

D. As to All Claims For Relief, that Defendants pay to Plaintiff damages in an amount to be determined.

E. As to All Claims For Relief, that Plaintiff be awarded its costs, attorneys fees and such other and further relief as the Court deems to be just and proper.

Dated: June 18, 2014

Respectfully Submitted
BRAVADO INTERNATIONAL GROUP
MECHANDISING SERVICES, INC.
By Its Attorneys
/s/ M. Lawrence Oliverio
M. Lawrence Oliverio, Esq., BBO #378755
Novak Druce Connolly Bove and Quigg, LLP
100 Cambridge Street, Suite 2101
Boston, Massachusetts 02114
Tel: (617) 367-4600; Fax: (617) 367-4656

Cara R. Burns, Esq., Cal. Bar # 137557
Hicks, Mims, Kaplan & Burns
3250 Ocean Park Blvd, Suite 350
Santa Monica, California 90405
Tel: (310) 314-1721; Fax: (310) 314-1725